[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants have filed a Motion to Dismiss this legal malpractice action. Their claim is that the court has no subject matter jurisdiction because the issues raised by the complaint are not ripe.
The plaintiff was represented by the defendant in a Worker's Compensation Claim that is currently pending before the Worker's Compensation Commissioner. The date of the plaintiff's injury was March 27, 1987. The plaintiff claims that the defendant failed to file a proper notice of claim under C.G.S. § 31-294c, and as a result the claim is being resisted and is still pending. Thus, the defendant claims that until the issue of the adequacy of the notice is decided by the Worker's Compensation Commissioner, the plaintiff's claim against the defendant is only theoretical and abstract and not ripe for judicial review.
The court agrees. There is nothing to be decided by this court until the case before the Commissioner is resolved. If the plaintiff prevails there, he has no case here. If he does not prevail at that time he may have a malpractice action against the defendant in the case at bar.
The plaintiff argues, however, that if this case is dismissed, he may be barred by the statute of limitations from bringing this action. The court must find that the issue of the statute of limitations is a matter that will have to be resolved if the plaintiff loses his Worker's Compensation case and, if it is lost because of the defendants' malpractice. At this time, there is no subject matter for this court to decide.
Accordingly, the Motion to Dismiss is granted.
Hurley, J.